IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RICKY BOLTON,

    Petitioner,

v.                                                                    Civil Case 2:25-CV-230-Z-BR

AMARILLO POLICE DEPARTMENT,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Ricky Bolton filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254, which subsequently was amended. ECF Nos. 2, 10. Having considered the petition, the record and applicable authorities, the Court summarily **DISMISSES** the petition for lack of jurisdiction.[1]

### BACKGROUND

Bolton filed this petition challenging his conviction out of the 108th District Court of Potter County, Texas, for possession of a controlled substance and the resultant two-year sentence, which he identifies via the case number of his state petition for habeas corpus relief, No. 07-09-0376-CV. ECF No. 10 at 2. He acknowledges that he previously filed a petition for writ of habeas corpus challenging this conviction. *Id.* at 3; *see also Bolton v. Thaler*, Case No. 2:12-CV-025, 2012 WL 987523 (N.D. Tex. Feb. 27, 2012). His first habeas corpus petition was dismissed as time barred. *Id.* at *3.

---

[1]A habeas corpus petition under 28 U.S.C. Section 2254 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. See Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

ANALYSIS

The Antiterrorism and Effective Death Penalty Act limits the circumstances under which petitioners may file second or successive habeas petitions about the same judgment and requires prior authorization to do so:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. Section 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Those two grounds are: (1) a new retroactive constitutional right announced by the United States Supreme Court; and (2) newly discovered evidence that could not have been discovered earlier with due diligence and would establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. Section 2244(b)(2)(A)-(B).

Although a prior Section 2254 petition is not successive if it was dismissed due to prematurity or for lack of exhaustion, a dismissal based on the statute of limitations, as was Bolton's first petition, is considered an adjudication on the merits for purposes of determining successiveness. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 487–88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Higginbotham v. Barnes*, No. 21-60601, 2022 WL 795433 at *1 (5th Cir. Mar. 15, 2022) (citing *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)).

Bolton does not present any order from the Fifth Circuit authorizing consideration of his current petition or allege that he obtained such authorization, and this Court's search of available records indicates that no such authorization has been granted. Accordingly, the

2

present petition is an unauthorized second or successive petition, and the court lacks jurisdiction to consider Bolton's claims. *Burton*, 549 U.S. at 152 (concluding that, because petitioner had not sought or obtained authorization to file second or successive petition, "the District Court never had jurisdiction to consider it in the first place"); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (where prisoner did not have permission to file a second or successive habeas petition, the district court lacked jurisdiction to entertain his claims).

For the reasons stated above, Bolton's petition for writ of habeas corpus (ECF No. 10) is **DISMISSED** without prejudice to his right to seek authorization from the Fifth Circuit to file a second or successive petition.

**SO ORDERED.**

July 23, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE